UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JAMES P. ABRAMS, | ) |
|     Petitioner, | ) Civil Action No. 5: 25-247-DCR |
| v. | ) |
| DAVID PAUL, Warden, | ) **MEMORANDUM OPINION** |
|     Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 3, 2025, another Judge of this Court dismissed a civil action filed by federal inmate James Abrams. *See in re: James P. Abrams*, Civil Action No. 5: 25-227-KKC (E.D. Ky. 2025) [Record No. 8 therein]. The collection of documents that Abrams filed in that case collectively "complain[ed] that prison staff have mis-handled his inmate grievances, used excessive force, failed to provide adequate medical care, improperly filed disciplinary charges against him, and he appears to seek compassionate release." *See id*. at 1. The Court dismissed the action because Abrams did not pay the required filing fee, failed to utilize Court-approved forms, did not adequate plead his claims, and improperly joined together numerous unrelated claims (only some of which were cognizable in a habeas proceeding). *See id*. The Court sent Abrams all forms he might need to file a new action, including a form habeas corpus petition and a form civil rights complaint. *See id*. at 2.

Abrams has returned to the Court with an "Expedited Emergency Writ of Habeas Corpus." [Record No. 1] The petition is styled with the prior case number and addressed to the presiding judge in that matter. However, for administrative purposes the Clerk has opened

-1-

Abrams's filing as a new habeas proceeding. Thus, the Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Abrams states that he suffers from serious medical conditions; complains that he has repeatedly been shacked on several occasions, which he characterizes as cruel and unusual in light of his medical conditions; suggests that he has been issued a disciplinary Incident Report arising from events that occurred when he was being transported to the segregation unit; and asserts that the medical care provided to him has not been effective. *See id*. at 1-3. He asks the Court to immediately issue a writ, but he does not identify the relief the requested writ should provide. *See id*. at 3. Abrams did not file his petition on the Court-approved form that was recently provided to him, and he did not sign either the petition or the verification concluding that document. However, Abrams paid the five-dollar habeas filing fee.

Independent of procedural and pleading shortcomings, the Court will deny the petition because Abrams does not appear to seek any relief that is available through habeas corpus. The Sixth Circuit has made clear that "§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits." *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). *See also Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Here, Abrams suggests that the prison should and can provide adequate medical care by not shackling him and by adhering to prescribed antibiotic protocols. [Record No. 1 at 2-3] His claims therefore fall within *Muhammed*'s general rule and outside the narrow circumstances described in *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020).

Therefore, Abrams's habeas corpus petition challenging the conditions of his confinement will be denied, without prejudice to his right to assert his claims in a civil rights proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Abrams also suggests at places in his petition that he seeks compassionate release. But that is relief which can only be obtained by filing an appropriate motion in the sentencing court after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c); *Crowe v. United States*, 430 F. App'x 484, 484-85 (6th Cir. 2011) (*per curiam*); *King v. USA*, No. CV 6:20-096-JMH, 2020 WL 8881687, at *1 (E.D. Ky. Apr. 27, 2020). Accordingly, it is hereby

**ORDERED** as follows:

1. Abrams's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This matter is **STRICKEN** from the docket.

Dated: July 18, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky